NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JOHN BANDA,  Petitioner  v.  MERRILL MAIN, Ph.D., *et al.*,  Respondents | : : : : : : : : : | Civ. Action No. 19-11757 (RMB)  MEMORANDUM AND ORDER |

Petitioner John Banda, a civilly committed person under N.J.S.A. § 30-4:27.26(b), in custody in the Special Treatment Unit, at Avenel, New Jersey, seeks to bring a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, challenging his 2002 conviction in the New Jersey Superior Court, Burlington County for third-degree tampering with a witness[1] and challenging his civil commitment under New Jersey's Sexually Violent Predator Act. (Pet., ECF No. 1, Grounds One through Four.) Petitioner did not pay the $5.00 filing fee[2] or submit an application to proceed *in forma pauperis* ("IFP"). (Pet., ECF No.

---

[1] Petitioner asserts that he exhausted his state court remedies with respect to his 2002 criminal conviction on January 25, 2019. (Pet., ECF No. 1, Ground One, ¶12(e)).

[2] 28 U.S.C. § 1914(a) provides, in relevant part, "[t]he clerk of each district court shall require the parties instituting any civil action, … on application for a writ of habeas corpus the filing fee shall be $5."

1.) Petitioner states that he was granted *in forma pauperis* status in another action in this Court. (Pet., ECF No. 1 at 15.)

28 U.S.C. § 1915(a) provides, in relevant part:

> (1) . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The statute requires an *in forma pauperis* application in lieu of the filing fee in each civil action. Petitioner cannot rely on his *in forma pauperis* status in another civil action. The Court will administratively terminate this action, subject to reopening if Petitioner timely pays the $5 filing fee or submits a properly completed IFP application under 28 U.S.C. § 1915.

"A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(e). Therefore, Petitioner cannot challenge his 2002 conviction for witness tampering and his civil commitment order in the same habeas petition.

Upon payment of the filing fee or submission of a properly

completed IFP application, Petitioner may choose to proceed in this action either with a habeas challenge to his 2002 criminal conviction or a habeas challenge to his civil commitment order. If Petitioner has not exhausted his state court remedies with respect to his civil commitment order,[3] his habeas petition challenging that order is premature. See 28 U.S.C. 2254(b)(1)(A) (requiring exhaustion of state court remedies before habeas corpus petition may be entertained). Petitioner should also be aware that there are restrictions on claims brought in second or successive habeas petitions. See 28 U.S.C. § 2244. Petitioner must open a new civil action to challenge more than one state court judgment.

**IT IS** therefore on this **10th** day of **July 2019,**

**ORDERED** that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint

---

[3] Petitioner states in Paragraph 11(a)(6) of the petition that he "is currently involved in pursuing the civil commitment matter through both state and federal court systems." (Pet., ECF No. 1.)

3

is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include either (1) a complete, signed *in forma pauperis* application or (2) the $5.00 filing fee; and (3) an amended habeas petition challenging only one state court judgment; and it is further

**ORDERED** that upon receipt of a writing within the allotted time from Petitioner, stating that he wishes to reopen this case and submitting a complete *in forma pauperis* application or payment of the filing fee, and an amended petition challenging only one state court judgment, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order, together with a blank form "Affidavit of Poverty and Certification (HABEAS CORPUS)" and a blank form "Petition for Relief From a Conviction or Sentence By a Person in State Custody" upon Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
