UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN BANDA, | Civ. Action No. 19-11757(RMB) |
| Petitioner | |
| v. | **OPINION** |
| MERRILL MAIN, Ph.D., *et al.*, | |
| Respondents | |

This matter comes before the Court upon Respondents' motion to dismiss Petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2254 as untimely. (Mot. to Dismiss, ECF No. 8.) Petitioner John Banda is civilly committed in New Jersey as a sexually violent predator, pursuant to the New Jersey Sexually Violent Predators Act ("SVPA"), N.J.S.A. 30:4-27.24 *et seq.* (Pet., ECF No. 4, ¶¶1-5.) Petitioner did not file a brief in opposition to the motion to dismiss.

I.  BACKGROUND

Petitioner was civilly committed in New Jersey as a sexually violent predator in 2004. (Certification of Stephen Slocum, Deputy Attorney General ("Slocum Certification"), Ex. A, ECF No. 8-2 at 5.) He appealed the initial judgment of civil commitment. (Id.) The New Jersey Superior Court, Appellate Division issued a written opinion affirming Petitioner's commitment on July 20, 2007. (Id.

at 16.) Petitioner sought certification from the New Jersey Supreme Court, which was granted on November 16, 2007. (Slocum Certification, Ex. B, ECF No. 8-3.) The New Jersey Supreme Court issued a written opinion affirming Petitioner's commitment on February 23, 2009. (Id., Ex. C, ECF No. 8-4.) Petitioner has not appealed any other judgments issued by the commitment court. (Slocum Certification, ECF No. 8-1, ¶¶13-17.)

On April 29, 2019, Petitioner filed the instant petition for writ of habeas corpus and subsequently filed an amended petition. (Pet, ECF No. 1; Am. Pet., ECF No. 1.) On August 14, 2019, the Court entered an order permitting Respondents to file a motion to dismiss on timeliness grounds. (Order, ECF No. 5.)

II. DISCUSSION

A. The Petition

In his amended petition for writ of habeas corpus, Petitioner challenges his June 2004 civil commitment under N.J.S.A. 30:4-27.24 *et seq.* by a New Jersey Superior Court.[1] (Am. Pet., ECF No. 4 at 1). Petitioner alleges "other than my last hearing in 2018, I have not had a court hearing/review of my status as falling under the SVPA in more than five (5) years." (Id. at 6.) Petitioner alleges his "commitment counsel" failed to object to his commitment and failed to file a timely appeal. (Id. at 8.) Petitioner further

---

[1] According to the petition, the commitment court was staffed by Essex County and held in Middlesex County. (Pet., ECF No. 1 at 1.)

2

seeks immediate release because his commitment review hearing was not held in January 2019. (Pet., ECF No. 1 at 14.)

   B.   Respondent's Motion to Dismiss

Respondents contend that Petitioner's challenge to his civil commitment is barred by the one-year statute of limitations found in 28 U.S.C. 2244(d)(1). (Respt's Brief, ECF No. 8-6 at 2-3.) Respondents maintain that the one-year period began when Petitioner's judgment of civil commitment concluded with the New Jersey Supreme Court's February 23, 2009 opinion, affirming the Appellate Division's opinion. (Id. at 3.) Therefore, Respondents conclude the deadline for filing a petition for writ of habeas corpus was February 23, 2010. (Id.) Petitioner did not petition to this court until April 2019 -- more than nine years after the deadline. (Id.) Respondents further argue that because Petitioner has not appealed any other judgments relevant to his civil commitment under the SVPA, he is unable to proceed with any other petition for writ of habeas corpus. (Id., citing 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies).

   C.   Analysis

28 U.S.C. § 2254 provides, in relevant part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

> violation of the Constitution or laws or treaties of the United States.

There is a one-year statute of limitations for filing a petition for writ of habeas corpus under § 2254, and the one-year period begins to run when direct review of the judgment of commitment is final. 28 U.S.C. § 2244(d)(1).

The New Jersey Supreme Court affirmed Petitioner's civil commitment on February 23, 2009. (Slocum Certification, Ex. C, ECF No. 8-4.) "[T]he expiration of the time for seeking direct review is the deadline for petitioning for certiorari to the United States Supreme Court." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 (3d Cir. 2013) (citing Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012)). Petitioner had 90 days to file a petition for certiorari with the U.S. Supreme Court. See U.S. Sup. Ct. Rule 13(1). Thus, the one year limitation period began on May 25, 2009 and expired on May 25, 2010. It is too late for Petitioner to challenge his initial commitment order.

The amended petition, however, appears to seek relief for the failure to hold an annual review hearing. (Pet., ECF No. 4 at 6.) N.J.S.A. § 30:4-27.35 provides:

> A person committed under this act shall be afforded an annual court review hearing of the need for involuntary commitment as a sexually violent predator. The review hearing shall be conducted in the manner provided in section 7 of this act. If the court determines at a review hearing that involuntary commitment as a sexually violent predator shall be

> continued, it shall execute a new order. The court shall conduct the first review hearing 12 months from the date of the first hearing, and subsequent review hearings annually thereafter. The court may schedule additional review hearings but, except in extraordinary circumstances, not more often than once every 30 days.

Respondents failed to address this claim in their motion to dismiss.

III. CONCLUSION

Any challenge to Petitioner's June 2004 commitment order is barred by the one-year limitations period under 28 U.S.C. § 2244(d). Therefore, the Court will grant Respondents' motion to dismiss in part. Respondents have failed to address Petitioner's claim that he should be released because he was not afforded an annual review hearing after his 2018 hearing. The Court will order Respondents to file an answer to this claim.

An appropriate order follows.

Date: March 27, 2020

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**