UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOHN BANDA, | : | Civ. Action No. 19-11757(RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| MERRILL MAIN, PH.D, *et al.*, | : | |
| Respondents | : | |

BUMB, United States District Judge

This matter comes before the Court upon Respondents' supplemental answer to Petitioner John Banda's ("Banda") amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Suppl. Answer, Dkt. No. 8.) Banda is civilly committed in New Jersey as a sexually violent predator, pursuant to the New Jersey Sexually Violent Predators Act ("SVPA"), N.J.S.A. 30:4-27.24 *et seq.* (Am. Pet., Dkt. No. 4, ¶¶ 1-5.) Petitioner filed a series of letters in response to Respondents' supplemental answer to the amended habeas petition. (Letters, Dkt. Nos. 12-16.) For the reasons discussed below, the Court denies the petition.

I. BACKGROUND

Banda was civilly committed in New Jersey as a sexually violent predator in 2004, and he appealed his civil commitment. (Certification of Stephen Slocum, Deputy Attorney General ("First Slocum Certif."), Ex. A, Dkt. No. 8-2 at 5.) On July 20, 2007, the New Jersey Appellate Division affirmed the finding that Petitioner's kidnapping and bondage of his victims for sexual gratification, without their consent, constituted an offense that should be considered a sexually violent offense under the catch-all provision of the statute. (Id. at 15-

16.) Banda sought certification from the New Jersey Supreme Court, and certification was granted on November 16, 2007. (First Slocum Certif., Ex. B, Dkt. No. 8-3.) The New Jersey Supreme Court affirmed Banda's civil commitment on February 23, 2009. (Id., Ex. C, Dkt. No. 8-4.) Banda has not appealed any other judgments issued by the commitment court. (First Slocum Certif. ¶¶ 13-17, Dkt. No. 8-1.) Banda filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in April 2019, and amended his petition in August 12, 2019. (Pet., Dkt. No. 1; Am. Pet., Dkt. No. 4.) This Court entered an order permitting Respondents to file a motion to dismiss on timeliness grounds. (Order, Dkt. No. 5.) The Court subsequently granted the motion to dismiss in part, and directed Respondents to address Banda's claim that he has not been afforded an annual review hearing of his civil commitment since 2018. (Opinion and Order, Dkt. Nos. 9, 10.)

II.     DISCUSSION

    A.     <u>Respondents' Supplemental Motion to Dismiss</u>

Respondents maintain that Banda has repeatedly waived his annual review hearings, both orally and in writing, since at least March 11, 2015. (Exhibits E-G, Dkt. Nos. 11-2, 11-3, 11-4.) By letter dated March 11, 2015, Banda advised the state commitment court, in writing, that he wished to waive his annual review hearings and postpone all such hearings "until after ALL Court proceedings in regard to Burlington County PCR." (Ex. E, Dkt. No. 11-2.) Banda verbally renewed his waiver of annual review hearings at case management conferences in the commitment court on May 20, 2015, December 14, 2015, April 15, 2016, December 15, 2016, September 2017, December 2017, February 2018, and June 2018, April 11, 2019. (Second Certif. of Stephen Slocum, Deputy Attorney General ¶¶ 10-21, Dkt. No. 11-1.) In writing on November 22, 2019, and March 31, 2020, Banda's counsel confirmed

2

Banda's waiver and his desire to postpone his annual review hearings pending completion of his state court habeas proceeding on his original commitment order. (Ex. F, Dkt. No. 11-2; Ex. G, Dkt. No. 11-3.)

### B. Banda's Reply

Banda replied to Respondents' supplemental answer with a series of letters. In his first letter, Banda asserts that Respondents failed to produce any recent signed waiver of his right to an annual review hearing. (Letter, Dkt. No. 12.) In his second letter, Banda claims he is not a convicted sex offender, and he questions what the State would review at an annual hearing. (Letter, Dkt. No. 13.) Banda submitted several judgment of conviction and commitment orders in support of his claim that he is not a convicted sex offender. (Letter, Dkt. No. 14.) In his third letter, Banda reiterates that he has never been convicted of a sex crime and speculates that is why he was never given an annual review under the SVPA Act. (Letter, Dkt. No. 15.) Finally, in his fourth letter, Banda claims the State failed to prove the elements necessary for civil commitment, and that is why he has not had a review hearing. (Letter, Dkt. No. 16.)

### C. Standard of Review

Civilly committed sexually violent predators "shall be afforded" annual commitment reviews pursuant to N.J.S.A. § 30:4-27.35, which provides:

> A person committed under this act shall be afforded an annual court review hearing of the need for involuntary commitment as a sexually violent predator. The review hearing shall be conducted in the manner provided in section 7 of this act. If the court determines at a review hearing that involuntary commitment as a sexually violent predator shall be continued, it shall execute a new order. The court shall conduct the first review hearing 12 months from the date of the first hearing, and subsequent review hearings annually thereafter. The court may schedule additional review hearings but, except

>>in extraordinary circumstances, not more often than once every 30 days.

28 U.S.C. § 2254 provides, in relevant part:

>>(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

D.   Analysis

The Court assumes, for purpose of reaching the merits of the habeas petition, that there is a federal due process right under the Fourteenth Amendment to an annual review hearing pursuant to N.J.S.A. § 30:4-27.35. Banda's allegations, however, are contradictory and belied by the record. He submits that he was not civilly committed as a sex offender, and he was deprived of annual hearings after his civil commitment. Respondents have established that Petitioner was civilly committed as a sexually violent predator in 2004 (Ex. E, Dkt. No. 11-1; Ex. F, Dkt. No. 11-2), and that Banda has repeatedly waived his right to annual review hearings under N.J.S.A. § 30:4-27.35, choosing instead to pursue state court habeas relief on his original commitment order. Therefore, Petitioner's habeas claim fails. However, in an exercise of caution and pursuant to the recent Third Circuit decision in Mondelli v. Berkeley Heights Nursing & Rehab. Ctr., 1 F.4th 145, 148 (3d Cir. 2021), the Court will order Respondent to submit a supplemental brief indicating whether there were any issues of mental competency addressed in any of the state court proceedings regarding Petitioner's civil commitment that would call into question Petitioner's waivers of his annual review hearings. If there are any questions regarding Petitioner's competency, the Court may be required to reconsider this Opinion.

E.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). For the reasons discussed above, Petitioner has not made a substantial showing that he was denied an annual review hearing on his civil commitment pursuant to N.J.S.A. § 30:4-27.35. Therefore, the Court will deny a certificate of appealability.

III.   CONCLUSION

For the reasons discussed above, the Court denies the habeas petition and a certificate of appealability shall not issue.

An appropriate Order follows.

Date: **October 28, 2021**

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**